PALMER, C.J.
 

 ON MOTION FOR REHEARING EN BANC
 

 Marion County fried a motion for rehearing en banc and for certification. We deny the motion, but withdraw our previous opinion and substitute this corrected opinion in its stead.
 

 Marion County appeals the final order entered by the St. Johns River Water Management District (District) adopting the order of the Administrative Law Judge (ALJ), which recommended approval of the application filed by C. Ray Greene and Angus S. Hastings (collectively Greene) for a consumptive use permit (CUP). Determining that the ALJ committed no reversible error, we affirm.
 

 
 *777
 
 Greene submitted a CUP application to the District, requesting authorization to withdraw groundwater from an existing well for bottling and distribution as drinking water. Marion County objected to the issuance of a permit, contending that the proposed withdrawal and use were not in the public interest and were inconsistent with Marion County’s interests, plans, and regulations. After receiving further submissions by all parties, the District published a notice of its intent to approve Greene’s application. Marion County responded by filing a petition for an administrative hearing.
 

 The ALJ conducted a formal administrative hearing. Several expert witnesses testified on behalf of Greene. In sum, Greene’s expert witnesses testified that the proposed use did not violate any of the criteria set forth by applicable CUP statutes. Marion County’s witnesses proffered testimony that the bottling of water on the subject property required a special use permit (SUP) under the Marion County Land Development Code and that no SUP had been issued to Greene.
 
 [1]
 
 The ALJ rendered a recommended order concluding that the District should approve Greene’s application.
 

 The District approved the ALJ’s order, thereby adopting the ALJ’s findings of fact and conclusions of law and rejecting all of the parties’ exceptions but one which was added as an additional conclusion of law.
 
 [2]
 
 This appeal timely followed.
 

 The standard of review of a final agency order by a district court of appeal is whether the agency’s interpretation of the law is clearly erroneous.
 
 Novick v. Dep’t of Health Bd. of Medicine,
 
 816 So.2d 1237 (Fla. 5th DCA 2002).
 

 Section 373.223(1) of the Florida Statutes sets forth the core criteria for issuance of a CUP and specifies the statutory conditions as follows:
 

 § 373.223 Conditions for permit.—
 

 (1) To obtain a permit pursuant to the provisions of this chapter, the applicant must establish that the proposed use of water:
 

 (a) Is a reasonable-beneficial use as defined in s. 373.019;
 

 (b) Will not interfere with any presently existing legal use of water; and
 

 (c) Is consistent with the public interest.
 

 § 373.223(1), Fla. Stat. (2007). These three requirements are commonly referred to as the “three-prong test.”
 
 See Southwest Fla. Water Mgmt. Dist. v. Charlotte County,
 
 774 So.2d 903 (Fla. 2d DCA 2001). The Legislature has granted the District the authority to adopt rules to implement the provisions of law regarding permitting of consumptive uses of water.
 
 See
 
 §§ 373.113, 373.171, Fla. Stat. (2007). As a result, the District has adopted rules specifying conditions for issuance of a CUP. For example, Rule 40C-2.301(2) & (3) & (4) of the Florida Administrative Code provides:
 

 40C-2.301. Condition for Issuance of Permits.
 

 
 *778
 
 * * *
 

 (2) To obtain a consumptive use permit for a use which will commence after the effective date of implementation, the applicant must establish that the proposed use of water:
 

 (a) Is a reasonable beneficial use; and
 

 (b) Will not interfere with any presently existing legal use of water; and
 

 (c) Is consistent with the public interest.
 

 (3) For purposes of subsection (2)(b) above, “presently existing legal use of water” shall mean those legal uses which exist at the time of receipt of the application for the consumptive use permit.
 

 (4) The following criteria must be met in order for a use to be considered beneficial:
 

 (a) The use must be in such quantity as is necessary for economic and efficient utilization.
 

 (b) The use must be for a purpose that is both reasonable and consistent with the public interest.
 

 [[Image here]]
 

 (i) The consumptive use must not cause water levels or flows to fall below the minimum limits set forth in Chapter 40C-8, F.A.C.
 

 Fla. Admin. Code Rules 40C-2.301(2) & (3) & (4). In addition, the District adopted, by rule, the Applicant’s Handbook: Consumptive Uses of Water which provides further explanation of the criteria found in Chapter 40C-2 as well as direction to applicants regarding the type of information and data that must be submitted in order to obtain a CUP.
 

 Marion County asserts that the final order of the District is clearly erroneous because the District improperly overlooked county public interests when considering the public interest requirement for issuance of a CUP. We disagree.
 

 Before issuance of a CUP, an applicant must show that the proposed use of water is a reasonable beneficial use. Section 373.019(16), Florida Statutes (2007), defines reasonable beneficial as: “[t]he use of water in such quantity as is necessary for economic and efficient utilization for a purpose and in a manner which is both reasonable and consistent with the public interest.” Public interest is defined as being “[t]hose rights and claims on behalf of people in general. In determining the public interest in consumptive use permitting proceedings, the Board will consider whether an existing or proposed use is beneficial or detrimental to the overall collective well-being of the people or to the water resources in the area, the District and the State.” § 9.3, Applicant’s Handbook.
 

 In the present case, Greene presented sufficient evidence indicating that there was a need for the amount of water requested. Additionally, the evidence presented was sufficient to demonstrate that the CUP was consistent with the public interest.
 

 Next, Marion County claims that the use proposed by Greene requires issuance of a SUP from Marion County and, because Greene did not show that a SUP had been issued prior to issuance of the CUP, the District erred in issuing the CUP. We again disagree.
 

 Chapter 373 of the Florida Statutes grants the District exclusive authority to approve CUP applications. Section 373.217(3) expressly states that when a county ordinance is in conflict with the water management district’s exclusive authority, the ordinance is deemed superseded for purposes of regulating the consump
 
 *779
 
 tive use of water. Neither the statutes nor the rules regarding CUPs impose any requirements on the District related to compliance with a local government’s comprehensive plan or land development regulations. As such, the ALJ properly found:
 

 The District does not consider whether local government approvals have been obtained prior to issuance of a CUP for purposes of determining whether the application is consistent with the public interest. Neither does the District consider impacts related to local roads from trucks transporting the water or other impacts not related to water resources. No such requirements are included in the District’s adopted permitting criteria.
 

 Marion County also argues that the District has a duty to manage the water resources of the District to ensure their sustainable use, including future increases in demand, and that the District violated that duty by granting Greene’s CUP because the planning study document shows that groundwater withdrawals in the county will be limited if all anticipated groundwater demands come to fruition within a 20-30 year time period. We disagree.
 

 The ALJ had substantial, competent evidence before him that the proposed use of the water would have little or no impact on other water users because of the minimal drawdown associated with the withdrawal, even taking into account increased water demand during the twenty year duration of the permit.
 

 Marion County also argues that the record evidence fails to demonstrate that Greene’s proposed use of water was consistent with the public interest as required by the third prong of the test. In examining whether an application is consistent with the public interest, the District considers whether the use of water is efficient, whether there is a need for the water requested, and whether the use is for a legitimate purpose. The inquiry focuses on the impact of the use on water resources and existing legal users. The evidence presented was sufficient to support the District’s decision to approve the permit application.
 

 Marion County also contends that the District erred by failing to consider statutory factors set forth in section 373.223(3) of the Florida Statute (2007). However, the language of the statute ex.pressly exempts bottled water from consideration. Specifically, the introductory language of section 373.223(3) of the Florida Statutes (2007) provides:
 

 373.223 Conditions for a permit.—
 

 * * *
 

 (3) Except for the transport and use of water supplied by the Central and Southern Florida Flood Control Project, and anywhere in the state when the transport and use of water is supplied exclusively for bottled water as defined in s. 500.03(l)(d), any water use permit applications pending as of April 1, 1998, with the Northwest Florida Water Management District and self-suppliers of water for which the proposed water source and area of use or application are located on contiguous private properties, when evaluating whether a potential transport and use of ground or surface water across county boundaries is consistent with the public interest, pursuant to paragraph (l)(c), the governing board or department shall consider:
 

 * * *
 

 § 373.223(3), Fla. Stat. (2007)(emphasis added). Thus, the factors set forth in this section need not have been considered while evaluating the instant CUP applica
 
 *780
 
 tion. Instead, section 373.223(2) of the Florida Statutes applies. That section states:
 

 373.223 Conditions for a permit.—
 

 * * *
 

 (2) The governing board or the department may authorize the holder of a use permit to transport and use ground or surface water beyond overlying land, across county boundaries, or outside the watershed from which it is taken if the governing board or department determines that such transport and use is consistent with the public interest, and no local government shall adopt or enforce any law, ordinance, rule, regulation, or order to the contrary.
 

 § 373.223(2), Fla. Stat. (2007). The District fully evaluated whether the CUP was consistent with the public interest and properly determined that it was consistent.
 

 AFFIRMED.
 

 MONACO and LAWSON, JJ., concur.
 

 [1]
 

 . The testimony was proffered because Greene previously filed a motion in limine, which the ALJ granted. The motion argued that evidence concerning compliance with Marion County's comprehensive plan and zoning regulations was irrelevant to the application for the CUP.
 

 [2]
 

 . The additional conclusion of law clarified that only the first paragraph of section 373.223(3) of the Florida Statutes applies to the application because that paragraph excepts the transport and use of water supplied exclusively for bottled water from the remainder of the subsection.